# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HAILO TECHNOLOGIES, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) |
| **JUNO USA, LP.,** | ) DEMAND FOR JURY TRIAL |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hailo Technologies, LLC ("Plaintiff"), by and through its undersigned counsel, for its Complaint against Juno USA, LP ("Juno" or "Defendant") makes the following allegations.  These allegations are made upon information and belief.

## NATURE OF THE ACTION

1. This is an action against Defendant for infringement of one or more claims of United States Patent No. 6,756,913 ("the '913 Patent").

## PARTIES

2. Plaintiff Hailo Technologies, LLC is a limited liability company organized under the laws of the State of California and has an office and principal place of business at 35 Hugus Alley, Suite 210, Pasadena, CA 91103.

3. Defendant Juno USA, LP is an entity created and existing under the laws of the State of Delaware and has an office and principal place of business at One World Trade Center, 84th Floor, New York, NY 10007 and having a registered office at National Registered Agents, Inc. 160 Greentree Dr., Suite 101, Dover, DE 19904.  Upon information and belief, Juno USA, LP is a subsidiary of Gett, Inc.

## JURISDICTION AND VENUE

4. This patent infringement action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 et seq., 281, and 284.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under United States Patent law.

6. This Court has personal jurisdiction over the Defendant because, *inter alia*, it resides in the State of Delaware; regularly conducts business in the State of Delaware; and continues to commit acts of patent infringement in the State of Delaware including by making, using, offering to sell, and/or selling Accused Products within the State of Delaware and this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## FACTS

8. Plaintiff is the sole owner, by assignment, of U.S. Patent No. 6,756,913, entitled "SYSTEM FOR AUTOMATICALLY DISPATCHING TAXIS TO CLIENT LOCATIONS," which was duly and legally issued on June 29, 2004 by the United States Patent and Trademark Office ("USPTO").

9. A copy of the '913 Patent is attached to this Complaint as **Exhibit A**.

10. The claims of the '913 Patent are valid and enforceable.

## COUNT I: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(b) ('913 PATENT)

11. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Claim 1 of the '913 Patent covers a method for sending notifications to a server, comprising: periodically sensing if a meter on a taxi is active to determine if the taxi is available for customer service; on sensing that the vehicle is available, periodically: determining the vehicle's current position coordinates information using a position coordinates determination device; sending said current position coordinates information to said server.

13. Defendant developed, develops, used, uses, sells, implements, and distributes software solutions including without limitation the "Juno App" ("Accused Product").

14. A claim chart comparing Claim 1 of the '913 Patent to the Accused Product is attached as **Exhibit B**.

15. Defendant has imported, offered to sell and provide, has sold and provided, and continues to offer to sell and provide, the Accused Product in the United States and in this District that literally infringes at least one claim of the '913 patent thus actively inducing infringement.

16. Defendant has imported, offered to sell and provide, has sold and provided, and continues to offer to sell and provide, the Accused Product in the United States and in this District that infringes at least one claim of the '913 Patent under the doctrine of equivalents thus actively inducing infringement.

17. Defendant Juno, including its agents and assigns, distributes the Accused Product, which is preprogrammed to practice the method of Claim 1 of the '913 Patent.

18. Thus, Juno infringes at least Claim 1 of the '913 Patent.

19. Plaintiff has been, and will continue to be, irreparably harmed by Juno's ongoing infringement of the '913 Patent.

20.     As a direct and proximate result of Juno's infringement of the '913 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A.     In favor of Plaintiff that Defendant has infringed one or more claims of the '913 Patent, either literally or under the doctrine of equivalents;

B.     Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '913 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

C.     For such other and further relief, as may be just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Dated: June 20, 2019

*Of Counsel*

Todd Brandt
TX State Bar 24027051
Brandt Law Firm
222 N. Fredonia Street
Longview, TX 75601
Tel: 903 753 6760
tbrandt@thebrandtlawfirm.com

Respectfully submitted,

*/s/ George Pazuniak*
George Pazuniak (DE Bar 478)
O'Kelly Ernst & Joyce, LLC
901 N. Market St., Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
gp@del-iplaw.com

*Counsel for Plaintiff Hailo Technologies, LLC*